**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10003 |
| Plaintiff - Appellee, | D.C. No. CR-04-05327-AWI-6 |
| v. | |
| JAVIER MANZO LUA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Submitted November 3, 2009[**]
San Francisco, California

Before: HUG, RYMER and McKEOWN, Circuit Judges.

Javier Manzo Lua appeals his jury conviction of conspiracy to manufacture

and possess with intent to distribute marijuana, possess cocaine with intent to

distribute, and distribute methamphetamine.  Lua asserts two errors: first, that the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court erred in allowing special agent Isaias Rivera to testify both as an expert and as a lay witness; and second, that there was insufficient evidence to support a conviction for conspiracy. We affirm.

## DUAL TESTIMONY

We review failure by the district court to instruct as to the dual nature of expert and lay testimony from a single witness for plain error where, as here, the defendant fails to object to the dual nature of the testimony at trial. United States v. Freeman, 498 F.3d 893, 904 (9th Cir. 2007). Consistent with our precedent, the district court's failure to provide such an instruction here does not amount to plain error because the line between expert and lay testimony is a fine one, particularly where the witness is qualified to testify both as an expert and as a lay witness. Id.

A special agent may testify both as an expert witness with regards to coded conversations and as a lay witness with regard to both observations made during surveillance and familiarity with recorded conversations. United States v. Reed, 575 F.3d 900, 922 (9th Cir. 2009). The district court did not otherwise abuse its discretion in admitting the testimony of Agent Rivera. The majority of Rivera's testimony focused on the admissible interpretation of drug jargon and the admissible recitation of his surveillance of Lua. Defense counsel also had the

2

opportunity to cross-examine Rivera, making it unlikely the jury would be misled by ambiguity regarding Rivera's dual roles.  Id.

## INSUFFICIENT EVIDENCE

We review de novo claims of insufficient evidence.  United States v. Corona-Verbera, 509 F.3d 1105, 1117 (9th Cir. 2007).  "There is sufficient evidence to support a conviction if, 'viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Id. (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  To prove a drug conspiracy, the government must demonstrate "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense."  United States v. Herrera-Gonzalez, 263 F.3d 1092, 1095 (9th Cir. 2001).  "Conflicting evidence is to be resolved in favor of the jury verdict, and all reasonable inferences are to be drawn in favor of the government."  Corona-Verbera, 509 F.3d at 1117 (internal quotation marks omitted).

The evidence presented at trial was sufficient to support the jury's conviction.  Lua engaged in frequent conversations with the head of the Pulido drug conspiracy; used familiar coded terminology to refer to controlled substances; met with Pulido and exchanged items; negotiated to rent a room from which police

3

seized 820 pounds of marijuana; discussed a deal to store in the garage of that same house a car from which police seized cocaine, methamphetamine, packaging materials and $10,400 cash; paid $1,500 to the man who stored the marijuana and car at his house; and took a garbage sack containing marijuana clippings from a ranch where he worked, discarding it at another location. Police later seized approximately 3,280 pounds of marijuana from a processing operation at that ranch. This evidence is sufficient to allow a jury to conclude that Lua agreed with other conspiracy defendants to accomplish the conspiracy and that Lua had the requisite intent to commit the underlying offense.

**AFFIRMED**.